SUMMARY ORDER
Plaintiff Donald Zedanovich (“plaintiff’) appeals from the March 4, 2009 judgment, amended by a March 13, 2009 judgment, of the District Court dismissing plaintiffs complaint, adopting the Report and Recommendation (“R&R”) of Magistrate Judge Gustave J. DiBianco dated February 6, 2009, and thereby affirming the decision of the Commissioner of the Social Security Administration denying plaintiffs application for disability benefits. On appeal plaintiff argues, inter alia, that the District Court erred in upholding the determinations made by the Administrative Law Judge (“ALJ”) because the ALJ erred in failing to elicit testimony from a vocational expert to address plaintiffs non-exertional limitations. We assume the parties’ familiarity with the facts and procedural history of the case.
The law of our Circuit on when the Commissioner must introduce testimony of a vocational expert is clear:
[Sjole reliance on the [g]rid[s] may be precluded where the claimant’s exertional impairments are compounded by significant nonexeriional impairments that limit the range of sedentary work that the claimant can perform. In these circumstances, the Commissioner must introduce the testimony of a vocational expert (or other similar evidence) *246 that jobs exist in the economy which claimant can obtain and perform.
Butts v. Barnhart, 888 F.3d 877, 383-84 (2d Cir.2004) (quoting Rosa v. Callahan, 168 F.3d 72, 78 (2d Cir.1999)) (emphasis added). In other words, the mere existence of a non-exertional impairment does not alone trigger the need for vocational expert testimony. Rather, once the ALJ determines that a plaintiff does in fact suffer from non-exertional impairments, the ALJ must then determine whether those impairments are “significant” and “limit the range of sedentary work that the claimant can perform.” Id.
As the Magistrate Judge noted in the instant case, the ALJ “carefully analyzed plaintiffs nonexertional impairments and determined that there was no significant limitation in the range of unskilled sedentary work that plaintiff could perform.” (App’x 32) (emphasis in original). The ALJ’s determination was supported by substantial evidence.
We have reviewed each of plaintiffs claims on appeal and find them to be without merit. Substantially for the reasons stated by the Magistrate Judge in his careful and thoughtful R & R, adopted by the District Court, see Zedanovich v. Comm’r of Soc. Sec., No. 3:06-cv-1403, 2009 WL 577763 (N.D.N.Y. Mar.4, 2009), the March 4, 2009 and March 13, 2009 judgments of the District Court are AFFIRMED.

CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the District Court.